UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :   NOT FOR PRINT OR
                                                                 :   ELECTRONIC PUBLICATION
DANTE LIZALDE,                                                   :
                                                                 :   07-CV-5082 (ARR)
                                    Petitioner,                  :
                                                                 :
         -against-                                               :
                                                                 :   OPINION AND ORDER
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                    Respondent.                  :
                                                                 :
---------------------------------------------------------------- x

ROSS, United States District Judge:

In 1998, following a trial before this court, a jury found petitioner Dante Lizalde guilty of conspiring to distribute and to possess with intent to distribute cocaine, conspiring to import cocaine, and aiding and abetting the possession of cocaine with intent to distribute. See United States v. Lizalde, No. 97-cr-649 (ARR). On May 24, 2000, this court issued a judgment of conviction, sentencing petitioner to three concurrent terms of 292 months imprisonment. The Second Circuit subsequently affirmed that judgment, United States v. Lizalde, 38 F. App'x 657 (2d Cir. 2002), and the United States Supreme Court denied petitioner's application for a writ of certiorari on October 2, 2002. Lizalde v. United States, 537 U.S. 1059 (2002).

In the four years after his judgment of conviction became final, petitioner filed two motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The first of these, which was timely filed in 2003, was denied on the merits in March 2004. Lizalde v. United States, No. 03-CV-4733 (ARR), slip op. at 1, 20 (E.D.N.Y. Mar. 29, 2004). Petitioner attempted to appeal the denial of this motion, but the Second Circuit denied his application for a certificate of appealability on October 29, 2004. Lizalde v. United States, No. 04-3664-pr (2d Cir. Oct. 29, 2004).

Petitioner's second § 2255 motion was filed in January 2006. In an Opinion and Order dated February 28, 2006, this court explained that it could not entertain that motion until petitioner obtained the Second Circuit's permission to file a second or successive § 2255 motion. See Lizalde v. United States, No. 06-CV-880 (ARR), slip op. at 2 (E.D.N.Y. Feb. 28, 2006). Following the procedure set forth in Liriano v. United States, 95 F.3d 119 (2d Cir. 1996), this court transferred that motion to the Second Circuit, which subsequently denied petitioner's application to file a second or successive motion. Lizalde v. United States, No. 06-1025-op (2d Cir. Sept. 26, 2006).

Petitioner has now filed a "Motion to Vacate Judgment for Lack of Jurisdiction pursuant to [Fed. R. Civ. P.] 60(b)(6)" (hereinafter, the "Motion"). Although the Motion does not bear a docket number, the first sentence of the Motion states that petitioner seeks "to vacate the judgment entered . . . on May 24, 2000." Moreover, the relief sought in the Motion is not reconsideration, but an order vacating this judgment of conviction, declaring the indictment in case number 97-cr-649 null and void, and directing that petitioner be released from custody.

As a preliminary matter, this court must determine whether the ambiguously labeled "Motion to Vacate Judgment for Lack of Jurisdiction pursuant to [Fed. R. Civ. P.] 60(b)(6)" is actually a "Motion to Vacate [his] Judgment" of conviction, or a motion "pursuant to [Fed. R. Civ. P.] 60(b)(6)," seeking reconsideration of the denial of one of his prior § 2255 motions. The fact that petitioner cites to Rule 60(b)(6) and discusses Gonzalez v. Crosby, 545 U.S. 524 (2005) – a case addressing the availability of Rule 60(b) relief in State habeas cases brought pursuant to 28 U.S.C. § 2254 – is not determinative. As the Seventh Circuit recently noted,

> Often a prisoner will file a motion under Rule 60(b) of the civil rules, . . . but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a

2

motion under section 2255, because it challenges the legality of his
detention and seeks his release. If so, it will be treated as such.

Curry v. United States, ___F.3d___, 2007 WL 3287070, at *1 (7th Cir. Nov. 8, 2007) (citing Gonzalez, 545 U.S. at 530-32).

While this court is cognizant that petitioner is proceeding pro se and that his submissions must be liberally construed, this court cannot reasonably read the Motion as a true Rule 60(b) motion relating to the prior § 2255 proceedings. Petitioner does not even discuss this court's rulings on his prior § 2255 motions, much less request reconsideration of them. Rather, petitioner principally challenges the court's jurisdiction over the underlying criminal case and demands his release from custody. The issues raised and the relief requested compel the conclusion that the Motion is a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Since this court lacks jurisdiction to consider such a motion unless and until the Second Circuit certifies that it contains newly discovered evidence or relates to a new rule of law, 28 U.S.C. § 2255, this court must transfer this petition to the Second Circuit for the reasons set forth in Lizalde v. United States, 06-CV-880 (ARR).

Although this court finds that the Motion is not a Rule 60(b) motion, the outcome of this case does not turn on the manner in which the Motion is characterized. Even if this court were to construe the Motion as seeking reconsideration of the prior § 2255 proceedings, the result would be the same. The Second Circuit has repeatedly held that "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)). As previously noted, petitioner does not even discuss the prior habeas proceedings,

3

much less challenge the integrity of those proceedings, but simply attacks the underlying criminal conviction. Under such circumstances, this court would have to "treat the Rule 60(b) motion as 'a second or successive' habeas petition, ... which ... should be transferred to [the Second Circuit] for possible certification." Harris, 367 F.3d at 82.

## *CONCLUSION*

For the reasons set forth above, this court construes the instant "Motion to Vacate Judgment for Lack of Jurisdiction pursuant to [Fed. R. Civ. P.] 60(b)(6)" as a second or successive motion pursuant to 28 U.S.C. § 2255. Pursuant to the procedure set forth in Liriano, 95 F.3d at 123, the Clerk of Court is directed to transfer this motion to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. After the transfer, the Clerk of Court shall close this case. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: December 6, 2007
Brooklyn, New York

SERVICE LIST:

    Mr. Dante Lizalde
    No. 85982-080
    La Tuna FCI
    P.O. Box 3000
    Anthony, TX 88021

    U.S. Attorney's Office
    Criminal Division
    271 Cadman Plaza East
    Brooklyn, NY 11201